**United States District Court**
**District of Massachusetts**

```
                                  )
SALK INSTITUTE,                   )
                                  )
          Plaintiff,              )
                                  )      Civil Action No.
          v.                      )      13-10708-NMG
                                  )
ACCELERON PHARMA, INC.,           )
                                  )
          Defendant.              )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a dispute between the Salk Institute for Biological Studies ("Salk"), a non-profit research institute, and Acceleron Pharma, Inc. ("Acceleron"), a technology company, with respect to the scope of a licensing agreement ("the Salk-Acceleron Agreement").  The facts of this case can be summarized briefly for resolution of the subject discovery dispute.

In 2004, Salk licensed its activin receptor patents, used as the basis for several medical treatments involving hormone regulation and immune response, to Acceleron in exchange for a percentage of Acceleron's profits from any sublicenses. Acceleron subsequently negotiated drug manufacturing and distribution agreements with two companies, Shire AG ("Shire") and Celgene Corporation ("Celgene").  In 2010, Acceleron entered into a collaboration agreement with Shire ("the Shire

-1-

Agreement") in which Shire paid Acceleron $45 million ("M") for

a variety of rights related to production of ACE-031, a drug

developed to treat muscular dystrophy.  Acceleron calculated

that $2.25M of that amount was "Sublicensing Revenue" under the

Salk-Acceleron Agreement and, accordingly, paid Salk 10% of that

amount ($225,000).  In 2011, Acceleron entered into a similar

agreement with Celgene ("the Celgene Agreement") in which

Celgene paid Acceleron $32.5M for patent rights related to

production and distribution of ACE-536, a drug developed to

treat anemia.  Acceleron considered the agreement unrelated to

any of Salk's technology and, therefore, paid Salk nothing.

Salk alleges that the Shire and Celgene Agreements are

sublicenses of Salk's technology under the Salk-Acceleron

Agreement and that Salk is entitled to a percentage of each of

the subject license fees.  In October, 2012, Salk sued Acceleron

for breach of contract and related claims in state court seeking

a total of $9.15M in damages.  Acceleron subsequently removed

the case to this Court.  Acceleron disputes Salk's calculation

of Sublicensing Revenue under the Shire Agreement and denies

that it transferred any Salk technology to Celgene.

Despite admonitions from both this Court and Magistrate

Judge Robert B. Collings to resolve discovery disputes in a

reasonable manner, the parties have failed to do so.  This

memorandum and order necessarily addresses Salk's motion of July

12, 2013, to compel Acceleron to produce "technical and

scientific documents" related to 24 separate outstanding

discovery requests (Docket No. 79).  After extensive briefing on

the issue and a lengthy hearing, Magistrate Judge Collings

denied Salk's motion on October 15, 2013, in the following

order:

> After a close reading of the Complaint, the Court does
> not find the requested discovery "relevant" to the
> issues between the parties.   However, even if
> relevant, the Court finds that the requests are far
> too broad.

Pending before the Court are Salk's objections to Magistrate

Judge Collings' order on the grounds that the subject discovery

is relevant to (1) Salk's claim that Acceleron sublicensed

Salk's technology to Celgene and (2) Salk's requested method of

apportionment of Sublicensing Revenue.

Because Magistrate Judge Collings' order concerned a

nondispositive matter, the Court reviews it under a "clearly

erroneous" or "contrary to law" standard. See Fed. R. Civ. P.

72(a).  The order is concise but clearly spells out the

rationale for denying Salk's motion, namely that the discovery

sought is not relevant to Salk's desired remedy.  The order will

therefore be set aside only if the determination of irrelevancy

involved clear error.

After reviewing the parties' briefs and the transcript of

the subject hearing, this Court finds no such error in

Magistrate Judge Collings' order.  This Court agrees with the Magistrate Judge that the appropriate lens through which to examine this dispute is the Complaint.  The material issues raised therein are (1) the proportion of the $45M paid under the Shire Agreement that is Sublicensing Revenue and (2) whether the Celgene Agreement is a sublicense under the Salk-Acceleron Agreement.  Both issues can be decided without the exhaustive production of Acceleron's technical and scientific materials.

Moreover, the Court is not convinced that 1) the Salk-Acceleron Agreement included what Salk describes as "know-how" related to Salk's non-patent rights or 2) the subject discovery is relevant to any purported, undisclosed transfer of technology related to Salk's "know-how."

Accordingly, the Court finds no clear error in Magistrate Judge Collings' conclusion that the discovery of "technical and scientific documents" is irrelevant to Salk's claims.  The Court need not reach the alternative ground that the request is overly broad.

## ORDER

In accordance with the foregoing, Salk's objection to Magistrate Judge Collings' order (Docket No. 114) is **OVERRULED.**
**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 12, 2013